VICTORIA DEDO, PROSECUTRIX, v. RUDOLPH V. KUSER AND THE DISTRICT COURT OF TRENTON, DEFENDANTS.

Submitted January 28, 1927—Decided March 10, 1927.

1. Chapter 340 of the statutes of 1920 (*Pamph. L.* 1920, *p.* 605) does not render the tenant of an entire premises liable to be dispossessed for disorderly conduct in cases where there are no other tenants of the same landlord in the neighborhood.

2. Chapter 340 of the laws of 1920 (*Pamph. L.* 1920, *p.* 605), being a supplement to the District Court act, is ineffective on account of its title to confer upon a District Court the enlarged jurisdiction of dealing with cases within its purview wherein the original letting is expressly from month to month. Following *George Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157, and *Zweig* v. *Tiffany,* 95 *Id.* 45.

---

On *certiorari* to judgment in a landlord and tenant case.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutrix, *Ellery Robbins.*

For the defendant Kuser, *Oliphant & Mitchell.*

The opinion of the court was delivered by

PARKER, J. The challenge is, as under our statute it necessarily must be, to the jurisdiction of the court in the premises. There was a judgment of dispossession, based on legis-

lation in line with a statute first enacted in 1884 (*Pamph. L.* 1884, *p.* 1878), amended by *Pamph. L.* 1888, *p.* 426, and to be found at page 3079 of the compiled statutes of 1910. That act is entitled "An act regulating lettings in cases where no definite term is fixed," and by a proviso prescribes, as to cases of "letting where no term is agreed upon and the rent is payable monthly," "that in case any such tenant shall be so disorderly as to destroy the peace and quiet of the other tenants living in the house or the neighborhood, or shall willfully destroy, damage or injure the premises, or shall constantly violate the said landlord's rules and regulations governing said premises, and a copy of which regulations said landlord has caused to be conspicuously posted on said premises," the landlord may give written notice of termination of the tenancy and directing the tenant to remove, and enforce it by summary proceedings akin to those taken in case of non-payment of rent or expiration of the term.

Until the establishment of District Courts, actions for the summary dispossession of tenants were uniformly cognizable by justices of the peace, and the act of 1884, as amended, *ubi supra,* so provides. In view of the desirability of conferring similar jurisdiction on District Courts, the District Court act of 1898 contained provisions purporting to confer such jurisdiction (*Comp. Stat., p.* 1962, § 30; *Comp. Stat., p.* 1988, §§ 107 *et seq.*) in the ordinary cases of non-payment of rent and holding over after expiration of term; but where that act undertook to alter the relative status of the parties, as by creating a right of re-entry without service of a three days' notice, it was held that its title would not constitutionally support such a change. *George Jonas Glass Co.* v. *Ross,* 69 *N. J. L.* 157; and this led to the legislation of 1903, amended in 1910. *Pamph. L.* 1903, *p.* 26; *Comp. Stat., p.* 3070, *pl.* 18-*a,* to 3074, *pl.* 18-*g.* But apart from a change in the substantive rights of the parties, a mere transfer of the forum was held constitutionally within the title of "An act concerning District Courts." *Strait* v. *Wood,* 87 *N. J. L.* 677.

The act of 1884-1888, *supra* (colloquially known as the "Fish act," and characterized as "curious," in *Shaw* v. *Schietinger,* 51 *N. J. L.* 152, 154), was incorporated into the Dis-

trict Court act of 1898 without any substantial change in language so far as appears by a cursory examination. *Comp. Stat., p.* 1990, § 117. It was restricted to cases in which "no term is agreed upon and the rent is payable monthly." But in 1920 the legislature twice undertook to extend its scope; by chapter 260 (*Pamph. L., p.* 479), covering "any tenant or lessee at will or sufferance, or for part of a year, or for one or more years;" and by chapter 340 (at *p.* 605), a direct amendment of section 117, *supra.* It is this last legislation on which the judgment under review depends; and it likewise undertakes to enlarge the powers of the landlord in cases of disorderly conduct, and the like, by changing the opening clause to read: "in any letting where no term is agreed upon *or where the term of letting is from month to month* and the rent is payable monthly." The case is within this clause; for the affidavit for dispossession states the letting was for one month from November 1st, 1923, and from month to month thereafter, at the rent of $65 per month payable monthly. The stipulation of facts is to the same effect.

It is admitted that the tenant was disorderly in such wise as to bring the statute into play in that regard; and that there is no fault in the procedure.

We find two fundamental infirmities in this judgment— one of construction of the statute, argued by counsel; the other, constitutional, not raised on the briefs, but which the court can raise of its own motion, especially when involving jurisdiction. *McMichael* v. *Horay,* 90 *N. J. L.* 142; *Donohue* v. *Campbell,* 98 *Id.* 755, 758; *Penrose* v. *Land Co.,* 94 *N. J. Eq.* 436, and which, we think, should be raised at this time.

1. It is conclusively established by the stipulation of facts in the court below, that prosecutrix is the tenant of the entire house and premises described in the landlord's affidavit, and that the landlord has no other tenants of his own living in the neighborhood. It is argued for prosecutrix that the statute is not applicable, because there are no other tenants "living in the premises," and no other tenants of this landlord living "in the neighborhood." The answer made to this

is that when the statute speaks of "any other tenants living in the neighborhood" it means tenants of anyone, of this or any other landlord, and even occupants of their own homes; in fine, given a situation in which the tenant of A disturbs the neighborhood by disorderly conduct in the demised premises, A can take proceedings under this statute because of the disturbance to the peace and quiet of the neighbors.

We are unable to take this view, which, as will readily be perceived, would endow the landlord in combination with the District Court with power to abate a public nuisance. It is hardly conceivable that the legislature meant to qualify landlords as peace officers for the public benefit; and the context of the clause "or in the neighborhood" negatives any such construction. The other alternatives are—

Willfully destroying, damaging or injuring *the premises.*

Constantly violating the landlord's posted rules and regulations governing *said premises.*

It was the landlord's reversion and rents from other tenants that the act was framed to protect, and not the general peace of the neighborhood, or the interests of any other landlord.

So, we conclude that as a matter of construction of this act, the court below had no jurisdiction of the case on the facts.

2. On the constitutional phase, a few words in addition to the introductory matter above set out, will suffice. Chapter 340 of 1920, and for that matter chapter 260 also, undertake to extend the District Court jurisdiction under the Fish act, by legislation entitled as amendatory of the District Court act to other cases, particularly to cases of letting expressly from month to month, which the Fish act did not cover. This is within the ruling in *George Jonas Glass Co.* v. *Ross* and *Strait* v. *Wood, ubi supra,* and precisely within *Zweig* v. *Tiffany,* 95 *N. J. L.* 45, a decision on this very chapter 340. See, also, *Hadelman* v. *Harris,* 93 *Id.* 66, dealing with waiver of lack of jurisdiction over the subject-matter.

The judgment and proceedings will be set aside, with costs.