LUCY IRENE SEIDEL, PLAINTIFF-RESPONDENT, v. MICHAEL CAHAJLA, DEFENDANT-PROSECUTOR.

Submitted October 6, 1942—Decided January 7, 1943.

Before Justices CASE, DONGES and COLIE.

For the plaintiff-respondent, *David Cohn.*

For the defendant-prosecutor, *E. Gustave Greenwald.*

The opinion of the court was delivered by

CASE, J. This *certiorari* is to review a judgment of the First District Court of the City of Paterson summarily dispossessing a tenant. Therefore, the only question which, under our practice, we shall consider on *certiorari* is whether the District Court had jurisdiction to award the judgment. *Degenring* v. *Kimble,* 115 *N. J. L.* 379; *Moreland* v. *Steen,* 89 *N. J. L.* 383. The affidavit upon which the summons issued alleged a default in the payment of rent, the failure to do interior decorating and to cut the grass and care for flowers and shrubbery and the holding, on the premises, of drinking parties which disturbed the entire neighborhood until long after midnight. Perhaps the latter allegations

were intended to cover the statutory grounds which permit such an action against a tenant who "shall be so disorderly as to destroy the peace and quiet of" other tenants or who "shall willfully destroy, damage or injure" the premises. *R. S.* 2:32-265. But under *Dedo* v. *Kuser,* 103 *N. J. L.* 223, it is not enough that the tenant's conduct is disturbing; it must be disturbing to other tenants of the landlord; and this qualifying condition is not alleged in the affidavit and was not met in the proofs taken in the District Court. Indeed, it seems that there were no other tenants of the landlord in the neighborhood. Further, we find neither allegation nor proof that there was willful destruction of the premises or indeed any destruction aside from the frail assertion related above. On July 16th, 1942, the return day named in the summons, the trial was adjourned to July 30th, and after the adjournment the arrears in rent were paid. On July 30th, the adjourned day, the tenant did not appear and the court, according to the certification of the judge to us, gave judgment for possession. The clerk's docket shows no judgment for possession as of that or any other day. It does contain this strange entry:

"Aug. 18 1942   The plaintiff appeared ready for trial. The defendant not appearing, and no sufficient reason being assigned why he did not appear, and it further appearing by the return endorsed that the summons was duly served, the Court proceeded to hear and determine the cause in the absence of the defendant. Plaintiff offered affidavit on file.

"The evidence being closed and submitted to the Court, judgment was rendered by the Court and is here entered in favor of the plaintiff and against the defendant for the sum of          Dollars debt, and Three & 90/100 dollars cost of suit."

There was no trial on August 18th, and the judgment here recorded obviously is not a judgment for possession. On that same day, August 18th, 1942, the clerk issued a warrant for removal.

Before that and on the original return day of the summons, July 16th, 1942, the following incidents occurred: (a) the judge certified to us that:

"When the Court discovered that the O. P. A. had not been notified the case was adjourned to July 30th, 1942. Then the landlord said, 'What about my rent for July?' The Court advised the tenant that the rent and costs could be paid into Court disposing of this phase of the case leaving the disorderly tenant charges to be tried."

(b) The clerk's docket shows:

"July 16, 1942 Defendant paid into Court the sum of $34.10 rent & costs in settlement of the above case.

"July 16, 1942 Received from the Clerk the sum of $34.10 in settlement of the above case.—Lucy Irene Seidel, Landlord."

We observe that the court undertook to hold over the single question of disorderly tenancy.

The reason assigned by the tenant for not appearing on the adjourned date, July 30th, is that the case had been settled as noted on the docket on July 16th following the court adjournment. *R. S.* 2:32-269.

The District Court Judge certifies:

"On the 13th day of August, 1942, the Attorney for the Defendant, called to see the Court and explained to the Court the fact that judgment for Possession had inadvertently entered, because the case had been settled and dismissed as of the 16th day of July, 1942. He also further directed the attention of the Court to the fact that the premises in question involved a one family house occupied by the Defendant and that the Landlord had no other tenants in the neighborhood which fact had been called to the Court's attention on July 16, 1942. The Court thereupon advised counsel that if the money was paid into Court it was probably disposed of. Upon request of counsel for Defendant, E. Gustave Greenwald, whether an order should be prepared or not, that Court advised Mr. Greenwald that if the money was paid into Court no order was necessary."

We are not particularly concerned with *ex parte* conversations between the tenant and the judge, but we are concerned with all such matters in the return as show the facts having to do with jurisdiction. Further confusion is injected into the record by a rule which the judge, at the landlord's

instance, issued on August 15th directing the tenant to "show cause * * * on the 18th day of August * * * why the warrant for removal should not issue forthwith and that judgment for possession be given to the said plaintiff, and upon the return of this rule, the said plaintiff shall be permitted to introduce proof and testimony to support the application.' That rule was never disposed of. It came on to be heard on August 18th before a visiting judge who refused to proceed because of doubt as to the *status* of the case—a state of mind that we can readily understand. What we do not understand is why, if there was already a judgment for possession, such a rule should issue, particularly with a "show cause" why judgment for possession should not be given. There were certain "daily sheets" of which the judge and the clerk had copies and which were the list of causes for the respective day from which the call was made and upon which were made abbreviated and temporary notes of disposition. On the sheets for July 30th opposite the title "Seidel vs. Cahajla" is the notation "Poss. Aug. 13."

The clerk's docket is an official court record. *R. S.* 2:32-223. If the entries do not correctly show the record the District Court judge may be directed to certify the fact. Counsel have apparently mistaken the scope of a writ of *certiorari* and of supplemental proofs thereunder in such a case. The correct practice for compiling and completing a record for the return to a writ of *certiorari* directed to a District Court is indicated in Supreme Court rules 163 and 164. If a litigant considers that a District Court return is incorrect or defective, he should apply to the Supreme Court or a justice thereof for a rule upon the judge directing him to amend his return in the respects specifically mentioned; and if that procedure shall fail in its purpose and a rule shall issue authorizing the taking of depositions to complete the return or any matter that should have been entered on the docket of the judge or which is alleged to have taken place in the presence of the judge, that rule should particularly set forth the matters to be supplied and should first be served on the judge. We find in the state of case no notation of a rule upon the judge or of a rule to take depositions. Perti-

nent decisions are: *Benedict* v. *Howell*, 39 *N. J. L.* 221; *South Brunswick* v. *Cranbury*, 52 *Id.* 298; *Oritani Field Club* v. *Hackensack*, 12 *N. J. Mis. R.* 490; *Fields* v. *Duffy*, 115 *N. J. L.* 319; *Continental Adjustment Corp.* v. *Melko*, 15 *N. J. Mis. R.* 590. A review of the law on a similar question with respect to District Court appeals is to be found in *Smith* v. *Wendkos*, 112 *N. J. L.* 391; also see *Ashendorf* v. *Delaware, Lackawanna and Western Railroad Co.*, 11 *N. J. Mis. R.* 487. The depositions taken herein before a Supreme Court Commissioner may not be substituted for, nor may they alter, the District Court record in respect to matters that should come to us in a return or certification from the court. Indeed the depositions appear to have been taken before the writ of *certiorari* was allowed.

We are of the opinion that the court acquired jurisdiction in this proceeding for the summary removal of the tenant only upon the ground of non-payment of rent and that with the payment of the arrears therein and the costs of suit the court's jurisdiction ended except to terminate the suit in accordance with that act. The entry of a judgment of possession thereafter was made upon the incorrect assumption that the case was alive upon the charge of disorderly action by the tenant under the statute. But the affidavit filed by the landlord did not soundly state such a complaint, and there was no court record to amplify or amend the showing of the affidavit. The other charges set up in the affidavit rest upon even less substantial foundation and appear not to have been considered by the judge.

The warrant for removal must be quashed and the judgment for possession reversed. The depositions, largely unavailable for the reasons above stated, were taken at prosecutor's instance and should not be made an item of costs against the respondent herein. Costs are not allowed.