117 N.J. Super. 491 (1971)
285 A.2d 86
DANIEL SILBERG, PLAINTIFF,
v.
TIM LIPSCOMB ET AL., DEFENDANTS.
Superior Court of New Jersey, District Court, Union County.
Decided December 13, 1971.
*492 Mr. Herbert Blaustein, attorney for plaintiff.
Mr. Donald Smith, of the Union County Legal Services Corp., attorney for defendant.
McKENZIE, J.D.C.
In March 1971 the tenants of a number of adjoining multi-family houses containing 26 units, owned by the same landlord and located at Emma and Spring Streets in the City of Elizabeth, formed a tenants association. They communicated with the landlord, advising him of numerous complaints concerning conditions on the premises they occupied. Receiving no satisfaction, they filed a petition in this court on June 30, 1971, requesting the appointment of an administrator and the payment of their rents into court, to be used by the administrator to correct the conditions on their premises, all pursuant to N.J.S.A. 2A:42-85 et seq.
*493 On July 12, 1971, following trial, this court held that the tenants had established their right to relief under the act.
On the same day the landlord had already prepared notices terminating all tenancies and requiring the tenants to quit the premises as of September 1. Some notices were served immediately following trial, and the remainder within the next few days. When the tenants failed to move, the landlord brought the present summary dispossess proceedings. All cases were consolidated for purpose of trial.
The question presented is whether the present proceedings are barred by N.J.S.A. 2A:42-10.10, which reads in part as follows:
No landlord of premises or units to which this act is applicable shall serve a notice to quit upon any tenant or institute any action against a tenant to recover possession of premises, whether by summary dispossess proceeding, civil action for the possession of land, or otherwise:
a. As a reprisal for the tenant's efforts to secure or enforce any rights under the lease or contract, or under the laws of the State of New Jersey or its governmental subdivisions, or of the United States; or
b. As a reprisal for the tenant's good faith complaint to a governmental authority of the landlord's alleged violation of any health or safety law, regulation, code or ordinance, or State law or regulation which has as its objective the regulation of premises used for dwelling purposes; or
c. As a reprisal for the tenant's being an organizer of, a member of, or involved in any activities of, any lawful organization; * * *.
The landlord testified that he plans to subdivide the property and sell the houses as two-family units. He has retained an architect, a surveyor, and an attorney to make application for the subdivision. The landlord concedes that much of the work he contemplates can be accomplished with the tenants remaining in occupancy of the premises. However, some of the work he claims will be "very difficult" to have performed while the premises are occupied, and the cost of attempting to do so would be "prohibitive," although admittedly he did not attempt to obtain estimates of such *494 cost. In this category he plans such work as the installation of the central heating system, replacement of ceilings, and painting and plastering. Furthermore, he points out the difficulty of showing the property to prospective purchasers, and the possibility of damage to new work before F.H.A. inspection and approval in connection with his financing.
Knowing that the court had authority to stay the issuance of the warrants for eviction for a period of six months under N.J.S.A. 2A:42-10.6, the landlord testified that he brought the present eviction suit contemplating that his subdivision proceedings, F.H.A. approval and other preliminary proceedings would require a substantial amount of time during which he would not require actual possession of the premises. His plan is to "coordinate" the eviction proceedings so that when he is ready to proceed with the actual work he can obtain possession. In this connection he states his willingness to permit the tenants to remain in possession even beyond the six months' period following entry of judgment for possession if he is not in fact ready to commence the renovation work.
The tenants and the witnesses in their behalf failed to establish any actual malice or hostility toward them as the basis for the landlord's eviction proceedings. Thus, while the landlord may have ignored their requests for necessary repairs and, through his agent, refused to agree to sit down at a meeting with the tenants and hear their complaints, there is no proof that he was so angered or annoyed by the actions of the tenants as to lead the court to find that he formed the specific intent of ridding himself of them for this reason. In fact, the court is satisfied from the evidence that the dominant reason giving rise to the present proceedings was the economic factors to which the landlord referred.
Does this holding, then, dispose of the issue before the court? I think not.
The word "reprisal" has been defined as "any act of retaliation," which, in turn, is defined as "to return like for *495 like." Funk and Wagnall, Standard Desk Dictionary (1966 ed.)
It is obvious that in the landlord's decision to evict the tenants, as in most important decisions made in life, more than one factor was considered and was influential in bringing about the ultimate decision. Here the court finds, as stated, that the dominant reason was the economic consideration of having the work performed at less cost. But obviously, to reach that decision on an economic basis alone, the landlord had to consider possible counterbalancing factors such as the receipt of rent while the work was in progress. How much more will the work cost with the tenants in possession as compared to the loss of rents? The landlord admits that he made no estimate of the additional cost and, in fact, had the notices prepared and served before he had even decided the full nature and extent of the work to be performed.
Mr. Giacona, the administrator appointed by the court, and a man of considerable construction experience, testified that in his opinion the work could be performed with the tenants in possession at a price not markedly higher than the cost with the tenants in possession. He also testified that he would not make the same alterations and improvements contemplated by the landlord.
However, the important fact is that the landlord did not actually weigh the possibility of performing the work with the tenants in possession. With the decision of the court appointing an administrator, as requested in the tenants' petition, the landlord decided to evict the tenants without full consideration as to the economic feasibility or necessity of such action. Thus, while the landlord was primarily motivated by economic reasoning, proper and reasonable insofar as it went, the court is not satisfied that if the tenants had not initiated the original proceedings, further and more complete consideration by the landlord would have taken place.
*496 Whether or not the eviction proceedings would still have followed is immaterial. The controlling finding of the court is that because of the tenants' actions, pursuing their legal remedies in a proper manner, the landlord refused to consider from an economic standpoint alone the feasibility of proceeding with the work with the tenants in possession.
Considering the beneficial purposes of the legislation in question, and the desirable social results intended by the Legislature, it is held that where a landlord, in reaching a decision to evict a tenant, considers as one of the factors favoring that decision the activities of the tenant described in N.J.S.A. 2A:42-10.10, then the notice to quit is a "reprisal" within the meaning of the act, although other factors may also be present or even dominant. See E & E Newman Inc. v. Hallock, 116 N.J. Super. 220 (App. Div. 1971).
N.J.S.A. 2A:42-10.12 creates a presumption that, under the circumstances here present, a reprisal against the tenants is intended. The landlord can overcome such presumption only upon a showing, to the satisfaction of the court, that the decision to evict was reached independent of any consideration of the activities of the tenants protected by the statute. This the landlord has failed to do.
The present complaint will therefore be dismissed. However, the landlord is not barred from instituting future proceedings wherein he can satisfy the court as to their proper basis, as indicated above. The application of the statute in question cannot be construed to give a tenant a lease for life; the landlord still has the right to terminate a tenancy as otherwise provided by law, so long as he is able to sustain the burden of proving the lack of any intent of reprisal at the time the notice is served.
Judgment will be entered in favor of the tenants.