Accordingly, the judgment of the Tax Court is affirmed in all respects.

HOUSING AUTHORITY OF THE CITY OF NEWARK, PLAINTIFF-APPELLANT, v. EZRA JONES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 1, 1985—Decided October 15, 1985.

Before Judges PRESSLER, DREIER and BILDER.

*Brian C. Freeman,* Associate Counsel, argued the cause for appellant (*Emil W. Nardachone,* General Counsel, Housing Authority of the City of Newark, attorney; *Constance G. Ilardi,* Associate Counsel, on the letter-brief).

*Chester Wiech, Jr.,* Staff Attorney, argued the cause for respondent (*Essex-Newark Legal Services,* attorney; *Chester Wiech, Jr.,* on the letter-brief).

The opinion of the court was delivered by

**BILDER, J.A.D.**

■  In this appeal we are asked to decide whether the testimony of other tenants is necessary to establish that violent acts are so disorderly as to destroy their peace and quiet so as to authorize the eviction of a tenant under *N.J.S.A.* 2A:18–61.-1b.  On motion of the tenant, the trial judge dismissed a summary dispossess action brought by a landlord on the ground that it had not made a prima facie case because it failed to present testimony as to how the defendant's violent conduct disrupted any other tenant's peace and quiet—the good cause for ·eviction alleged in the complaint.

*N.J.S.A.* 2A:18–61.1 in relevant part reads as follows:

No lessee or tenant or the assigns, under-tenants or legal representatives of such lessee or tenant may be removed by the county district court or the Superior Court from any house, building, mobile home or land in a mobile home park or tenement leased for residential purposes, other than owner-occupied premises with not more than two rental units or a hotel, motel or other guest house or part thereof rented to a transient guest or seasonal tenant, except upon establishment of one of the following grounds as good cause:

. . . .

b.  The person has continued to be, after written notice to cease, so disorderly as to destroy the peace and quiet of the occupants or other tenants living in said house or neighborhood.

Plaintiff Housing Authority of the City of Newark (Housing Authority) owns an apartment complex known as Walsh Homes in the City of Newark.  Defendant resides with his family in one of the apartments as a tenant.  About April 23, 1984, the Housing Authority served defendant with a notice to cease allowing members of his family to be disorderly or destructive. The notice specifically alleged "It has been reported that your daughter Alice Jones allegedly stabbed your daughter Evelyn Jones in the right hand at the Walsh Homes Bldg. 15, Apt. 3F on March 26, 1984 at 12:10."  On October 17, 1984, defendant was served with a Notice Terminating Tenancy which alleged that "on October 3, 1984 [his] daughters along with two other persons, were arrested for attacking a Housing Authority Se-

curity Officer with a screw driver and a chain. They also assaulted another security officer who came to the aid of the wounded officer."

When defendant failed to vacate the premises in accordance with the Notice Terminating Tenancy, the Housing Authority brought this instant summary dispossess action. As noted, the action was dismissed by the trial judge because the Housing Authority failed to produce a tenant to testify that the defendant's conduct had destroyed his or her peace and quiet.

... there's no doubt in this Court's mind that good cause for eviction—this particular good cause for eviction requires testimony by an occupant or another tenant living in said house or neighborhood. And while the incident which for this purpose has been established as having occurred is egregious, and there's no doubt about that, and it deals with the security guard in the very housing complex in which this, these defendants reside, nonetheless that security guard is not an occupant or a tenant and for that reason this Court is obliged to find that the plaintiff has not established a prima facie case at this juncture. There's been no testimony by an occupant or a tenant. The Court understands the problem. The Court heard Mr. Walker when he testified that he attempted to find other tenants or occupants who would testify that their peace and quiet had been disturbed. He could not do that. Whether or not, and the Court is not permitted to speculate in this area and I'm not because basically I'm holding that the plaintiff has not established a cause of action. But I want to go a little further and say whether or not Mr. Walker's failure to be able to identify and bring into court the other tenants was a result of other tenants not being disturbed or whether the other tenants were put in fear that if they did testify something untold will occur to them is something that this Court cannot determine. But it happens not only—this has occurred not only in this case but in others that this Court has heard and I would suggest obviously that the, that because of the continuance of this problem—and now I'm not speaking with regards to your client now, Mr. Hiesler, and I want the record to be clear on this. It's a problem of proof for this type of good cause for eviction. It might very well be that the persons or the entities that establish this good cause for eviction should amend its language so as to not require that type of proof. I don't know. But what I'm saying is the Legislature has set forth these requisites, the plaintiff has been unable to adhere to these requisites and, accordingly, this Court is dismissing this complaint.

■ The notion that such tenant testimony is required stems from *Seidel v. Cahajla,* 129 *N.J.L.* 314 (Sup.Ct.1943) and *Dedo v. Kuser,* 103 *N.J.L.* 223 (Sup.Ct.1927), two decisions construing disorderly tenant language in an earlier landlord-tenant statute, *N.J.S.A.* 2:32–265. Without discussing the nature of the proofs

required, they noted that "it is not enough that the tenant's conduct is disturbing; it must be disturbing to other tenants of the landlord." *Seidel* 129 *N.J.L.* at 315. This led the trial judge to conclude that testimony from a tenant is required to make a prima facie case. We disagree. Where the disorder is of such an egregious nature as to permit a finding that other tenants were disturbed, the tenancy can be terminated without another tenant's direct testimony.

The Housing Authority has a right to manage an apartment free of violent behavior; the tenants have a right to live in a building free of violence. Certain conduct, depending upon its nature, may or may not be "so disorderly as to destroy the peace and quiet of [others]." Noise, for example, may or may not meet this test depending upon its volume and the sensibilities of neighbors. Such disorder can only be measured by the testimony of those who are bothered by it, and testimony from other tenants should logically be required to establish a prima facie case for eviction. Violence, however, is a different sort of intrusion on peaceful living. It is *per se* a destruction of peaceful residence—particularly in an apartment setting—and requires no evidence beyond proof of the violence itself to establish a ground for eviction. Noise and similar intrusions on peace and quiet may, within limits, be a necessary part of apartment living. Violent conduct which has a potential to jeopardize the safety and security of other tenants is not. Proof of violence such as is alleged to have occurred here is sufficient circumstantial evidence to permit a finding that the conduct was "so disorderly as to destroy the peace and quiet of the occupants or other tenants." Under such circumstances a landlord need not produce a tenant's testimony as to the effect of the conduct on the peace and quiet. This, of course, does not relieve the landlord of its obligation to show that the conduct occurred and that it occurred in sufficient proximity to the apartment complex as to have "destroy[ed] the peace and quiet of the occupants or other tenants living in [the apartment]

house or neighborhood." We hold no more than that the evidence may be produced from sources other than tenants.

Reversed and remanded for further proceedings consistent with this opinion. Jurisdiction is not retained.