828 A.2d 343

IVY HILL PARK SECTION III, PLAINTIFF,
v. NATALIA SMIRNOVA AND VITALI
CHORODEI, DEFENDANTS.

Superior Court of New Jersey
Law Division Special Civil Part
Essex County

Decided March 3, 2003.

*Vivian Hammer,* for plaintiff.

*Peter C. Thambidurai,* for defendants (Essex Newark Legal Services).

FAST, J.S.C.

This summary eviction action presents an issue that has been unreported in New Jersey, to wit, whether a tenant may be evicted pursuant to N.J.S.A. 2A:18–61.1c [1], for having caused damage either willfully or through gross negligence, when the damage alleged is the odor of boiling urine which emanated from, and has "seeped" out of, the defendants' apartment. The circumstances are unusual, if not unique, but the principles expressed herein may be applicable to other similar situations.

---

[1] This subsection permits eviction of a residential tenant when "The person has willfully or by reason of gross negligence caused or allowed destruction, damage or injury to the premises."

The facts may be briefly stated as follows: Defendants are husband and wife. Defendant husband, on his own and after having read various publications, undertook an "alternative medical treatment" of applying urine soaked paper towels to his back, in an effort to alleviate his back pain. And, apparently unknown to his wife, in an effort to have a "concentrated" application of the urine, on November 6, 2002, started to boil his urine while his wife was out of the apartment. He fell asleep and the urine boiled and the plastic handle of the pot in which it was being boiled melted. A tenant on the next floor upstairs smelled the odor and sought the source. He finally found his way down to defendants' floor and determined that defendants' apartment was the source of the odor. He then reported his complaint to the management office, and an assistant manager investigated the incident and discovered these facts.

Defendants do not dispute this factual recital, but defend on the bases that 1) the odor did not constitute "destruction, damage or injury to the premises"[2], (or, as stated in their brief "physical damage to the property"), 2) that defendants' conduct was neither willful nor grossly negligent, and 3) that defendants promptly remedied the problem by cleaning up and applying certain deodorants.

Plaintiff claims that defendants' conduct did constitute damage to, or destruction of, the premises. Specifically, plaintiff argues that

1) "The air in the defendants' apartment is not their private property; it circulates into other apartments, as well as the common areas of the building. There is no doubt that Ivy Hill has property rights to the air above the land which it owns, including inside any structure erected on such land. The air in the common areas is as much a part of the premises as the walls, ceilings, wiring, plumbing, or any other portion of the premises."

2) The use of both words, "damage" and "destruction" suggest an appreciable difference between the two. "There can be no doubt that the odor of urine in the air of the building made air unusable for its normal purpose, namely normal breathing for persons in the premises." Also, that "The indoor environment was

---

[2] These are the words of N.J.S.A. 2A:18–61.1c, as quoted in footnote 1 hereof.

polluted, and therefore damaged, by the noxious, and un-hygienic, odor of urine. The odor of urine cannot be equated with the smell of cooking, even if a person does not like the smell generated."

3) With reference to the "mental state" of the Defendant-husband, Plaintiff argues that his voluntary act caused or allowed the odor which formed the basis of the complaint."

4) "The statute clearly does not contemplate an opportunity to cure the damage or destruction once it has occurred. Once damage or destruction occurs, the landlord may immediately issue a Notice to Quit, with a termination of the tenancy and a demand for possession 3 days after the issuance of such Notice[.]" and that therefore "The fact that they may have been able to cure the damage by eliminating the noxious odor cannot be determinative of their right to remain in possession of the premises."

I agree with Plaintiff's argument that Defendants' "cure" of the problem by later eliminating the problem is irrelevant to an eviction pursuant to N.J.S.A. 2A;18–61.1c. As *Muros v. Morales,* 268 *N.J.Super.* 590, 596, 634 *A.*2d 146 (App.Div.1993) [3] said:

"There are other good-cause grounds for eviction which are not curable. They involve conduct which the landlord need not warn the tenant to cease, and which need not continue after warning. Those grounds are (1) willfully or by reason of gross negligence causing or allowing destruction, damage or injury to the premises, N.J.S.A. 2A:61.1c, …

The law does not require a warning to cease such behavior because it is so clearly improper and antithetical to the landlord tenant relationship, and because repetition is not an element of the impropriety of the behavior. For the same reasons, cessation of such behavior does not bar eviction."

I also agree with Plaintiff's argument that Defendants' conduct was grossly negligent, as contemplated in N.J.S.A. 2A:18–61.1c. Gross negligence is conduct that comes somewhere between "simple" negligence and the intentional infliction of harm, or, "willful misconduct." *Clarke v. Twp of Mount Laurel,* 357 *N.J.Super.* 362, 815 *A.*2d 502 (App. Div.2003). It is a matter of degree, and, as a matter of degree, is a matter for the finder of fact. I find that putting something on a cooking range, or in an oven, or the like, when one is so tired as to fall asleep (as defendant did) constitutes gross negligence. The result of that

[3] In *Muros v. Morales,* 268 *N.J.Super.* 590, 596, 634 *A.*2d 146 (App.Div.1993), the tenant drilled holes in his floor in order to steal electricity from the landlord's outlet.

negligence was not only to permit the odor of the urine to foul the air in the building, but also to permit the melted handle to foul the air in the building.

Another case that construed the subject statute (as related to the requirement of having caused damage or destruction), N.J.S.A. 2A:61.1c, is *Les Gertrude Associates v. Walko,* 262 *N.J.Super.* 544, 621 *A.*2d 522 (App.Div.1993). In that case, the tenant stole money from the landlord's coin operated washing and drying machines, but, the court noted, "At no time during the commission of the theft did Walko cause any damage to the machines, coin boxes or any of plaintiff's property." The appellate division therefore affirmed the dismissal of the complaint, which had been based on the alleged violation of N.J.S.A. 2A:18–61.1c, damage or destruction. Accordingly, the statement by the appellate division that

"A reading of the statute clearly indicates that it is designed to provide recourse to a landlord for the *physical destruction* of his property. This is evidenced in the Legislature's modifying 'destruction, damage or injury' with the phrase 'to the premises[.]' " (Emphasis added.)

is clearly dictum. But in any event, it would not answer the question of whether an odor, noxious air, is destruction, damage or injury to the premises, as plaintiff contends.

■ The issue of whether a noxious odor constitutes destruction, damage or injury to the premises requires answering the question of whether the Legislature contemplated that the destruction, damage or injury must be to tangible "property" or whether it may be to an intangible character or quality (as noted above, characterized by plaintiff as "environmental") inherent in property. An intangible character or quality inherent in any given property may be affected purely by any of the human senses—taste, touch, smell, sound, or sight [4]—in this case, smell. If any of them are adversely affected, does that constitute destruc-

---

[4] What I have in mind with reference to purely "sight" is, for example, blocking a view by a fence, rather than, again by way of example, painting a landlord's walls black or dark brown.

tion, damage or injury to premises, as contemplated by the Legislature?

■ I find that an adverse affect to the human senses was not in the contemplation of the Legislature as damage or destruction, but that the Legislature contemplated that the damage would be to tangible property only. By way of analogy, a landlord could have a tenant in a single family home. In that instance, there would be no interference with the use or enjoyment of the property by anyone else attributable to the tenant's odors inside the home.[5] And, if the tenant were creating noxious odors outside, for example by burning tires in the yard, although it might be offensive to others, I cannot say that it would constitute destruction, damage or injury to the premises.

As a guide to the interpretation of the Legislature's contemplation on this question, I find that the best guide is the entire legislative scheme, rather than any particular word or phrase in the subject sub-section. Specifically, the Legislature provided various grounds for eviction in N.J.S.A. 2A:18–61.1. Some of those grounds do not require fault on the part of the tenant (such as N.J.S.A. 2A:18–61.1l—for the personal occupancy by an owner or purchaser); others do require fault, combined with repetition of that fault (such as N.J.S.A. 2A:18–61.1j—habitual late payment of rent after the service of a notice to cease); and the grounds involving the most egregious conduct require no notice to cease and permit no cure of the conduct or the consequence of the conduct (such as having caused destruction, damage or injury to the premises either willfully or through gross negligence.)

■ This is not to say that the landlord is without remedy for a tenant's creating a noxious odor. It may subject a tenant to eviction for a substantial breach of rules and regulations, N.J.S.A. 2A:18–61.1d, or of the lease, N.J.S.A. 2A:18–61.1e, or for destroy-

---

5 Plaintiff's point 2, on page 424, 828 *A.2d* at 345 of this opinion, even refers to other "persons in the premises."

ing the peace and quiet of the occupants or other tenants living in said house or neighborhood, N.J.S.A. 2A:18–61.1b. However, if the landlord seeks to evict a tenant on those grounds, a notice to cease is also required. On the other hand, if the conduct does not violate any of those provisions, the Legislature simply has not provided the landlord with a remedy. *Housing Authority of Wildwood v. Williams,* 263 *N.J.Super.* 561, 623 *A.*2d 318 (Law Div.1993). If the landlord had pursued these alternative remedies based on the odor, both the notice(s) required and the complaint would have had to have alleged the material facts. But a landlord may not pursue eviction on grounds not alleged based on facts that do not justify eviction on the ground that is alleged.

Considering that the landlord pursued only the basis of damage or destruction, and considering the issue of interpreting the entire legislative scheme, rather than any particular word or phrase in the subject sub-section, I must dismiss the complaint for failure to have alleged a valid cause of action.