**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1841-16T3

ORANGE SENIOR CITIZENS
RESIDENCE, LLC,

    Plaintiff-Respondent,

v.

PAULETTE DAVIS,

    Defendant-Appellant.

_____

          Argued May 3, 2018 — Decided July 11, 2018

          Before Judges Haas, Rothstadt, and Gooden
          Brown.

          On appeal from Superior Court of New Jersey,
          Law Division, Essex County, Docket No. LT-
          32251-16.

          Felipe Chavana argued the cause for
          appellant (Essex-Newark Legal Services,
          attorneys; Maria D. Castruita and Felipe
          Chavana, on the briefs).

          Bruce E. Gudin argued the cause for
          respondent (Ehrlich, Petriello Gudin &
          Plaza, PC, attorneys; Matthew A. Sebera, on
          the brief).

PER CURIAM

In this summary dispossess action, defendant-tenant Paulette Davis appeals from the Special Civil Part's December 12, 2016 Judgment of Possession entered in favor of her landlord, plaintiff Orange Senior Citizens Residence, LLC, pursuant to N.J.S.A. 2A:18-61.1(c), which permits the removal of a tenant who has willfully or by reason of gross negligence caused or allowed destruction, damage, or injury to the premises. Defendant argues that the trial judge failed to make "the requisite findings . . . as to how [d]efendant's conduct met the elements of gross negligence necessary to support the entry of judgment under N.J.S.A. 2A:18-61.1(c)." Because we conclude defendant's conduct did not meet the requirements of N.J.S.A. 2A:18-61.1(c), we reverse.

The following facts are summarized from the bench trial conducted on December 7 and December 12, 2016, and are generally undisputed. Plaintiff is the owner and operator of the "federally subsidized housing complex" where defendant has lived since 2003. The complex's 132 housing units are available for lease to elderly tenants. Defendant is currently sixty-eight years old. She developed epilepsy at age three, and, as a result, suffers from depression and memory loss. In 1991, she underwent a "right temporal lobectomy," which further exacerbated her memory loss.

On October 3, 2016, at approximately 12:30 a.m., a security guard at the complex noticed water flooding the stairs of the facility and notified the building superintendent, Lincoln Johnson. They traced the water back to defendant's second-floor apartment and found she had fallen asleep with her kitchen faucet running into a stopped sink, flooding her apartment. At the time, no one else was present in her apartment. The overflowing water damaged the sink, tiles, and countertops in defendant's apartment. The water also flooded an adjacent unit and a nearby staircase, and seeped through the floor of the flooded areas, damaging the ceiling tiles in the community room below and causing the ceiling to collapse "on top of a lot of the furniture area."

On October 20, 2016, plaintiff served defendant with a Notice to Quit and Demand for Possession (Notice) as required by the Anti-Eviction Act, N.J.S.A. 2A:18-61.2, which terminated her tenancy as of October 24, 2016. The Notice stated that on October 3, 2016, defendant caused damage to the premises "by reason of gross negligence" as a result of "water overflowing from [her] kitchen sink faucet while unattended." Defendant failed to vacate the unit by the termination date, and on October 25, 2016, plaintiff filed a complaint for possession.

Defendant responded in a November 14, 2016 letter requesting "a reasonable accommodation" pursuant to the federal Fair Housing Amendments Act (FHAA), 42 U.S.C. §§ 3601 to 3619. According to her letter, defendant suffered from "depression and memory loss as a result of her epilepsy." She requested plaintiff remove her stove to accommodate her disability and "to prevent a fire hazard in the apartment and protect [plaintiff's] property." She also asked plaintiff to replace her "standard continuous-flow faucet" with a "Pillar Tap Metering Faucet," which "requires the user to push down on the meter to activate the flow of water" and stops automatically after a few seconds to "guarantee[] that the kitchen sink will not over-flow." Plaintiff denied defendant's request.

At trial, plaintiff presented the testimony of superintendent Johnson and its property manager, Nereida Nieves, both of whom described the extent of the damage defendant caused to plaintiff's property in detail.[1] Nieves also testified about three prior incidents in which the toilets in defendant's

---

[1] Damages are not at issue in this appeal.

apartment overflowed because "she dropped an object in the toilet."[2]

Following the bench trial, the judge entered the judgment of possession in plaintiff's favor. The judge acknowledged that plaintiff "testified credibly" that "flooding . . . emanated from [defendant's] apartment" on October 3, 2016 from "an overflowing sink." According to the judge, for "quite some time," defendant had left the faucet "open," "running on full blast," and "unattended" with "a stopper in the sink." The judge referenced the photographs admitted into evidence depicting the extent of the damage as well as the testimony verifying "what was required to clean up the apartment."

The judge also acknowledged defendant's medical condition and "memory issues" as well as "past problems . . . resulting in an overflow of the toilet on several prior occasions." The judge concluded that plaintiff proved "by a preponderance of the evidence," that "[defendant's] inattention" constituted "gross

---

[2] Defendant objected to the testimony of other incidents on the ground that they were not cited in the Notice. The judge overruled the objection. We note that the Anti-Eviction Act "reflects a public policy barring dispossess actions except upon strict compliance with the notice and procedural requirements of the Act," regardless of whether "the landlord has acted in good faith or the tenant has not been prejudiced." 224 Jefferson St. Condo. Ass'n. v. Paige, 346 N.J. Super. 379, 383 (App. Div. 2002).

negligence," which "caused or allowed" "damage to the facility," and "that her presence in [the] apartment constitute[d] something of a risk" to justify removal pursuant to N.J.S.A. 2A:18-61.1(c).[3] The judge stayed the issuance of the warrant of removal pending appeal, and this appeal followed.

In reviewing the trial judge's determination, we accord substantial deference to the judge's special role as a fact finder. See Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974) (instructing that a trial court's findings are generally binding on appeal "when supported by adequate, substantial and credible evidence"). Such "[d]eference is especially appropriate when the evidence is largely testimonial and involves questions of credibility." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)). That said, we afford no special deference to "[a] trial court's interpretation of the law and the legal consequences that flow

---

[3] The court also rejected defendant's claim that her disability resulting from "her memory loss and epileptic condition" was a defense to the removal and "entitled" her "to a reasonable accommodation." The court determined that such an accommodation was not required under federal law because it "would fundamentally alter the nature of the provider's operations" by "changing unsupervised senior adult housing into supervised senior adult housing." In light of our disposition of this appeal, we need not address that issue.

from established facts." <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

The Anti-Eviction Act prohibits a landlord from evicting a residential tenant except upon the establishment of good cause. N.J.S.A. 2A:18-61.1. Under N.J.S.A. 2A:18-61.1(c), good cause for removal may be established if the landlord demonstrates by a preponderance of the evidence that the tenant "has willfully[4] or by reason of gross negligence caused or allowed . . . damage . . . to the [landlord's] premises." "The legislative intent of N.J.S.A. 2A:18-61.1(c) requires actual damage to the landlord's property for there to be a cause of action for eviction." <u>Les Gertrude Assocs. v. Walko</u>, 262 N.J. Super. 544, 549 (App. Div. 1993).

Gross negligence is defined as "conduct that comes somewhere between 'simple' negligence and the intentional infliction of harm, or, 'willful misconduct.'" <u>Ivy Hill Park Section III v. Smirnova</u>, 362 N.J. Super. 421, 425 (Law Div. 2003) (quoting <u>Clarke v. Twp. of Mount Laurel</u>, 357 N.J. Super. 362, 370 (App. Div. 2003)). It requires "indifference to consequences," <u>Banks v. Korman Assocs.</u>, 218 N.J. Super. 370, 373 (App. Div. 1987), and has also been defined as "reckless

---

[4] Plaintiff did not allege willful conduct on defendant's part.

disregard of the safety of others." In re Kerlin, 151 N.J. Super. 179, 185 (App. Div. 1977) (quoting State v. Linarducci, 122 N.J.L. 137, 137 (Sup. Ct.), aff'd, 123 N.J.L. 228 (E & A 1939)).

Therefore, at trial, a landlord must prove that its tenant not only caused damage, but did so through conduct that amounts to more than simple negligence. This construction of N.J.S.A. 2A:18-61.1(c), requiring more culpability than ordinary negligence in the tenant's actions or inactions, is consistent not only with the text of that provision, but with the general legislative policies of the Anti-Eviction Act, N.J.S.A. 2A:18-53 to -84. "[T]he dominating principle in construing the Act [is] that it must be construed liberally with all doubts construed in favor of a tenant. . . ." 224 Jefferson, 346 N.J. Super. at 389.

In Muros v. Morales, 268 N.J. Super. 590, 597 (App. Div. 1993), we found the requisite level of culpability required in N.J.S.A. 2A:18-61.1(c) where a tenant drilled holes in the floor in order to gain access to electric current from her landlord's basement outlets. In that same vein, in Stuyvesant Associates v. Doe, 221 N.J. Super. 340, 343 (Law Div. 1987), a schizophrenic tenant who failed to take his medication damaged his own apartment by spray-painting appliances and windowsills

and damaged the door of another tenant with a hammer. The court found that failing to take his medication constituted gross negligence to satisfy the statutory mandate and provide a basis for removal because the tenant knew that he became psychotic and delusional when he failed to medicate himself. Id. at 343-44.

In Ivy Hill, 362 N.J. Super. at 424-25, a tenant fell asleep while boiling his urine to use on his back to alleviate back pain, emitting a noxious odor into the building air. Although it found "that putting something on a cooking range, or in an oven, or the like, when one is so tired as to fall asleep (as [the] defendant did) constitute[d] gross negligence," the court concluded that emitting a noxious odor did not constitute destruction, damage, or injury to the landlord's premises as required under the statute. Id. at 425-27.

Applying these principles to the evidence in this record, we are satisfied that plaintiff failed to establish by a preponderance of the evidence that defendant's conduct was "grossly negligent" to meet the requirements of N.J.S.A. 2A:18-61.1(c), and the judge's contrary conclusion was erroneous. While falling asleep after midnight and forgetting to turn off the water when the stopper was in the sink was clearly negligent, given defendant's medical condition, her conduct did not rise to the level of gross negligence in the circumstances

9

of this case.  Indeed, her request that plaintiff replace her faucet with a "Pillar Tap Metering Faucet" to avoid such an occurrence in the future demonstrates concern rather than "indifference to consequences[.]"  Banks, 218 N.J. Super. at 373.  In light of our decision, we need not address defendant's argument, raised for the first time on appeal, that entry of the judgment of possession contravened the Senior Citizens and Disabled Protected Tenancy Act, N.J.S.A. 2A:18-61.22 to -61.39.  The judgment of possession is vacated, and the matter is remanded for entry of an order dismissing the complaint with prejudice.  We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1841-16T3