229 N.J. Super. 616 (1988)
552 A.2d 245
JAMES I. LOWENSTEIN, PLAINTIFF,
v.
PETER MURRAY, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
November 15, 1988.
*617 James I. Lowenstein plaintiff pro se.
Leroy Rawls for defendant (pursuant to R. 1:21-3(b)).
FAST, J.S.C.
The issue involved in this action has not been reported in New Jersey. It requires N.J.S.A. 2A:18-61.1i to be harmonized with N.J.S.A. 2A:18-61.2e.
Plaintiff is defendant's landlord. Plaintiff served defendant with a proposed lease renewing an existing tenancy, together with a "Revised Notice Of Changes In Terms & Substance Of Tenancy." Defendant did not sign and return the proposed *618 renewal lease, and plaintiff commenced this summary action for possession.
The "Revised Notice" recited, inter alia:
2. PURPOSE OF NOTICE. Your landlord wants to make changes in the terms and conditions of your tenancy. In order to do this, your landlord must terminate (end) your tenancy and offer you a new tenancy subject to the changes.
3. TERMINATION OF TENANCY. Your present tenancy is terminated as of September 30, 1988. You must quit and vacate the property as of that date (date of termination). This means that you must move out and deliver possession to me, your landlord.
The substantive changes were spelled out also. The notice was served before September 1, giving at least one month's notice to defendant. There were no other notices served on defendant after the "Revised Notice" and before commencement of this action. The precise issue presented here is whether that one notice serves the requirements of both §§ 61.1i and 61.2e. Plaintiff contends that no other notices were needed. I find that an additional notice was required.
N.J.S.A. 2A:18-61.1i states:
The landlord or owner proposes, at the termination of a lease, reasonable changes of substance in the terms and conditions of the lease, including specifically any change in the term thereof, which the tenant, after written notice thereof, refuses to accept ... [Emphasis supplied]
N.J.S.A. 2A:18-61.2 states:
No judgment of possession shall be entered for any premises covered by section 2 of this act [2A:18-61.1], except in non-payment of rent under paragraph a. or f. of section 2, unless the landlord has made written demand and given written notice for delivery of possession of the premises. The following notice shall be required:
....
e. For an action alleging refusal of acceptance of reasonable lease changes under paragraph i of section 2, one month's notice prior to institution of the action....
Although similar, the issue involved in this action differs from that in Kroll Realty, Inc. v. Fuentes, 163 N.J. Super. 23 (App.Div. 1978). That also was a summary action for possession. There, a tenant failed to sign a proposed lease for one *619 year to continue what had been a month-to-month tenancy. The landlord served the tenant with the notice only two days before the expiration of the then existing tenancy. The Appellate Division held that since only two days' notice had been given and there was no timely notice to quit and demand for possession, the existing tenancy continued unabated. Kroll noted the applicability of both N.J.S.A. 2A:18-61.1i and -61.2. However, it did not harmonize one with the other. Here plaintiff did serve defendant with a timely notice terminating the tenancy and demanding possession. This notice distinguishes the facts of this case significantly from those in Kroll.
The holding stated in this opinion may be most easily observed by noting the requirements of § 61.2 before considering the requirements of § 61.1. Section 61.2 requires the service of a written demand and written notice for delivery of possession. Subsection e requires that the notice be served one month prior to the institution of the action. That notice requires the cause of action to have accrued before making the demand for possession. The language of subsection e makes that abundantly clear; the notice must "alleg[e] refusal of acceptance of reasonable lease changes." Emphasis supplied. The cause of action for eviction does not accrue until after the refusal to accept those changes. After the cause of action has accrued, § 61.2e requires a one-month notice prior to institution of the action. That one-month notice terminates the month-to-month tenancy that resulted by operation of law upon the termination of the pre-existing tenancy. That pre-existing tenancy would not have been terminated, but for an earlier notice. S.D.G. v. Inventory Control Co., 178 N.J. Super. 411 (App.Div. 1981); Harry's Village, Inc. v. Egg Harbor Tp., 89 N.J. 576, 583 (1982); N.J.S.A. 2A:18-61.3.
Having noted the requirements of § 61.2, attention should now be given to the requirements of § 61.1. As noted above, the pre-existing tenancy must have been terminated. That requires service of a notice. I find the intention of the Legislature to have been that the notice referred to in subsection i is *620 the notice that terminates the pre-existing tenancy. As noted in Kroll: "A month-to-month tenancy is a continuing relationship but it may be terminated by a one month's `notice to quit.'" Kroll Realty, Inc. v. Fuentes, supra, 163 N.J. Super. at 25. (Likewise, at the expiration of a tenancy for a stated term, a notice to quit is required to terminate the tenancy.) Without that notice, the tenancy continues on the same terms, but on a month-to-month basis. Harry's Village, Inc. v. Egg Harbor Tp., supra, 89 N.J. at 583.
It may be argued that the word "notice" in § 61.1i refers to notice of the changes in the lease. Even if that were so, the tenancy itself would not be terminated without a notice to quit, and the statute specifically provides that the lease changes must be at the "termination of a lease." Without a notice to quit, the pre-existing tenancy would not be terminated.
Beside the above analysis, I find ample policy reasons for interpreting the legislative scheme to require two separate notices. The legislative scheme provides two general categories of grounds for eviction. One category provides grounds for eviction based on only one notice; the other gives a tenant a warning, an opportunity to "cure" some allegedly detrimental activity. RWB Newton Assoc. v. Gunn, 224 N.J. Super. 704, 709-710 (App.Div. 1988).
Those subsections that do not require a "warning" are: a. (failure to pay rent), c. (causing or allowing damage or the like under certain circumstances), f. (failure to pay an increased rent where certain conditions are met), g. (generally, removal of the premises from the rental market, or inability to comply with certain legislative provisions), h. (retirement from residential use), k. (certain conversion situations), l. (personal occupancy by an owner of certain units), and m. (termination of a tenant's employment by the landlord or owner).
Those subsections that require a "warning," or opportunity to "cure" an alleged violation of 61.1, are: b. (disorderly conduct), *621 d. (substantial breach of reasonable rules and regulations), e. (substantial breach of reasonable lease agreements), j. (habitual and unjustifiable failure to pay rent when due), and, of course, as stated herein, subsection i. (failure to accept reasonable changes in a lease upon termination of the existing lease term).
A tenant who has engaged in disorderly conduct or substantially violated rules, regulations or lease covenants certainly has engaged in more egregious conduct than one who simply has not renewed a lease. I find no logic or justice in requiring that an opportunity to "cure" be given to a tenant who has engaged in that more egregious conduct, but allowing a less offensive tenant to be evicted by the simpler means of only one notice. (Although the notice terminating the tenancy served with the proposed lease changes is not a notice to cease, it has the same curative nature.) This opinion "harmonize[s] interrelated provisions." M.C. Associates v. Shah, 226 N.J. Super. 173 (App.Div. 1988).
The effect of this opinion is to require a minimum of three months to evict a tenant entitled to the protection of N.J.S.A. 2A:18-61.1 in a summary dispossess proceeding. When the proposed lease changes are submitted to the tenant, a one-month notice must be served to terminate the pre-existing tenancy and give the tenant an opportunity to accept the proposed changes. If the tenant refuses to accept them within that one month (which a fortiori extends to the first day of the new term), then a full month's notice must be given to terminate the resulting month-to-month tenancy, pursuant to N.J.S.A. 2A:18-61.2e prior to the institution of the action. See Harry's Village, Inc. v. Egg Harbor Tp., supra, 89 N.J. at 585-587.
Since only one notice was served in this case, the complaint is hereby dismissed.