251 N.J. Super. 370 (1991)
598 A.2d 251
WILFREDO JIJON & MELIDA JIJON PLAINTIFF,
v.
IMMACULADA CUSTODIO AND FELIX CUSTODIO, DEFENDANTS.
Superior Court of New Jersey, Law Division Special Civil Part, Hudson County.
Decided February 28, 1991.
*371 Marcel R. Plaut, for plaintiff.
George Rios, for defendant.
HORNSTEIN, J.S.C.
This is a complaint to dispossess a residential tenant for violating the terms of a written lease, pursuant to N.J.S.A. 2A:18-61.1 e.
Following the completion of plaintiffs' case, a motion was made to dismiss the complaint on the basis that defendants were no longer in violation of the terms of the lease.
All evidence supporting plaintiffs is regarded as true; all inferences which can reasonably be drawn from the evidence submitted are rendered favorable to plaintiffs, Bexiga v. Havir Manufacturing Corp., 60 N.J. 402, 409, 290 A.2d 281 (1972).
On that basis, the facts are these:
Plaintiffs are the owners of a multi-unit residential building located at 596 Palisade Avenue, Jersey City.
Defendants are tenants in apartment # 6 in that building, for which they pay a monthly rental of $565.90.
Defendant Immaculada Custodio is the mother of defendant Felix Custodio.
*372 The parties signed a written lease for the subject apartment, dated November 1, 1989. The lease restricts the occupancy of the apartment to the two persons signing the lease.
From sometime in the summer of 1990 until about October 1990, two adult males  "Juan" and "Pedro" were observed living in defendants' apartment.
A proper notice to cease, dated July 26, 1990, was served on defendants. A notice to quit dated September 24, 1990 was served on defendants. The tenancy was terminated as of November 1, 1990.
The notices are legally sufficient.
This complaint to dispossess was filed November 19, 1990.
Neither Pedro nor Juan has been seen in the building since November 1990. It is conceded by plaintiffs they no longer reside in defendants' apartment (if they ever did). It is also conceded by plaintiffs only the named tenants now live in the apartment.
The anti-eviction act (N.J.S.A. 2A:18-61.1) was enacted to protect residential tenants from being arbitrarily evicted. It also afforded landlords a means to dispossess undesirable tenants for specified reasons, 447 Associates v. Miranda, 115 N.J. 522, 527-528, 559 A.2d 1362 (1989).
However, the act is to be liberally construed. Id. at 529, 559 A.2d 1362.
Doubts are resolved in favor of the tenants. Amato v. Pelligrini, 246 N.J. Super. 34, 41, 586 A.2d 856 (Law Div. 1989).
When a landlord seeks to dispossess a tenant because of a transgression of the terms of a lease, the tenant must be given an opportunity to correct the complained of condition. It should not make any difference when the situation is corrected  before institution of legal action or after.
Once the alleged violation of the terms of a lease has been abated, the landlord loses his authority to evict the tenant.
*373 The motion to dismiss the complaint is granted.
Complaint dismissed.