268 N.J. Super. 590 (1993)
634 A.2d 146
ALDO MUROS, PLAINTIFF-APPELLANT,
v.
MARIA MORALES, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted November 4, 1993.
Decided December 8, 1993.
*592 Before Judges GAULKIN, R.S. COHEN and D'ANNUNZIO.
Raymond M. Mayerovic, attorney for appellant.
Abad Perez, attorney for respondent.
The opinion of the court was delivered by COHEN, R.S., J.A.D.
This is a summary dispossess action, brought and tried in the Special Civil Part of the Law Division pursuant to the Anti-Eviction Act. N.J.S.A. 2A:18-61.1 to 61.12. See 447 Associates v. Miranda, 115 N.J. 522, 559 A.2d 1362 (1989). The court dismissed the complaint at the end of plaintiff's case, on the thesis that the statutory good-cause ground for eviction invoked by plaintiff no longer existed. We reverse, because the reason for dismissal was incorrect, and we remand for a new trial.
Plaintiff's trial evidence showed that he owned a six-unit apartment house in North Bergen, and that defendant rented and *593 occupied first-floor apartment #2. There were seven electric meters in the house, one for each apartment and one for the common area lights. Each tenant paid for his or her apartment's meter charges, and the landlord paid for the common areas. His monthly bills were modest.
Plaintiff noticed a sudden and dramatic rise in his electric bills. Investigation revealed that holes had been drilled in the floor of defendant's apartment, and that wires had been run to basement outlets which were connected to plaintiff's meter. Defendant blamed it on her children (who ranged up to twenty years old). Public Service had earlier threatened to cut off service to defendant's apartment for nonpayment.
Plaintiff detached the unauthorized wires from the basement outlets, but they were somehow reconnected. It was "a cat and mouse game." He then closed off the basement areas that gave access to the electrical service. It is unclear whether plaintiff repaired the holes in defendant's floor.
The judge's decision to dismiss the complaint was grounded in his view that
if the condition for which eviction is sought is no longer present at the time of the Suit for Dispossession, a complaint must be dismissed.
For this proposition, the judge relied on his opinion in Jijon v. Custodio, 251 N.J. Super. 370, 598 A.2d 251 (Law Div. 1991). There, the written lease restricted occupancy to the two named tenants. Nevertheless, two additional adult males lived there. The proper notice to cease was served on the tenants in July 1990. A notice to quit was served in September 1990, terminating the tenancy as of November 1. The dispossess action was filed thereafter. The two adult males left the apartment  it is unclear when, but probably after the complaint was filed  and only the tenants lived there at the time of trial. The judge held:
When a landlord seeks to dispossess a tenant because of a transgression of the terms of a lease, the tenant must be given an opportunity to correct the complained of condition. It should not make any difference when the situation is corrected  before institution of legal action or after.

*594 Once the alleged violation of the terms of a lease has been abated, the landlord loses his authority to evict the tenant.
Id. at 372, 598 A.2d 251.
In our view, the principle announced in Jijon may or may not have correctly decided that case, but it does not apply universally to all statutory grounds for eviction, and it does not govern the present case.
N.J.S.A. 2A:18-61.1 lists a number of sufficient causes for eviction from residential rented premises to which the section applies. The causes may be summarized as follows:
a. failure to pay rent,
b. disorderly behavior after written notice to cease,
c. willfully, or by reason of gross negligence, causing or allowing destruction, damage or injury to the premises,
d. substantially violating landlord's reasonable rules after written notice to cease,
e. substantially violating any reasonable lease covenant after written notice to cease,
f. failure to pay a valid rent increase instituted after the necessary notice thereof,
g. the landlord seeks, for statutory reasons, to board up or demolish the premises,
h. the landlord seeks to retire the premises from residential use,
i. the landlord proposes reasonable changes in substantial lease terms at the end of the term, and the tenant does not accept them,
j. habitually and unjustifiably failing to pay rent when due, after written notice to cease,
k. a valid condominium conversion,
l. landlord's desire to personally occupy a condominium unit or a residential unit in a building with no more than three units,
m. termination of tenant's employment as superintendent or janitor where that was a condition of tenancy,
n. conviction of tenant for use, possession, manufacture or disposition of CDS on the premises, if tenant is not in or has not completed a drug rehabilitation program, or if a tenant knowingly harbors a person so convicted,
o. conviction of tenant of assault or terroristic threats against landlord, family or employee, or if a tenant knowingly harbors a person so convicted,
p. finding in a civil action for removal, that tenant has committed an offense listed in n. or o. above.
The statute does not answer the global question whether cessation of the statutory good-cause ground for eviction bars entry of a judgment for possession. For decades before the Anti-Eviction Act, N.J.S.A. 2A:18-55 permitted a tenant of residential or nonresidential premises who faced eviction for nonpayment to *595 cure even after trial by paying the outstanding arrears and costs. Housing Authority of Morristown v. Little, 263 N.J. Super. 368, 371-72, 622 A.2d 1343 (App.Div. 1993); Olympic Indus. Park v. P.L., Inc., 208 N.J. Super. 577, 581, 506 A.2d 770 (App.Div. 1986); Stanger v. Ridgeway, 171 N.J. Super. 466, 473, 410 A.2d 59 (App. Div. 1979). A residential rent default asserted as grounds for removal under § 61.1a or f would be similarly curable after trial. Cf. Village Bridge Apts. v. Mammucari, 239 N.J. Super. 235, 241, 570 A.2d 1301 (App.Div. 1990) (tenant permitted to cure after losing good faith litigation over eviction grounds).
There are other good-cause grounds for eviction which are curable after commencement of the summary dispossess action. Some of the grounds involve violations which continue after a notice to cease. Examples are disorderly behavior under § 61.1b, substantial violation of the landlord's reasonable rules under § 61.1d, substantial violation a lease covenant under § 61.1e, and habitual failure to pay rent when due under § 61.1j. See A.P. Development Corp. v. Band, 113 N.J. 485, 497-98, 550 A.2d 1220 (1988) (rent payments must be habitually late after notice; one late payment after notice is not enough). RWB Newton Associates v. Gunn, 224 N.J. Super. 704, 709, 541 A.2d 280 (App.Div. 1988) (violation of landlord's rules must continue after notice to cease); Jijon, supra, 251 N.J. Super. at 372, 598 A.2d 251 (Law Div. 1991) (violation of lease provision against occupancy by persons other than two named tenants must continue after notice to cease).[1] If any such grounds for eviction cease to exist before filing of the summary dispossess action, the action must fail. Whether the action should fail where the cessation of the grounds for eviction occurs after filing but before trial, or after trial but before judgment, is not before us. We note only that a new consideration arises in such cases, which is that the landlord has gone to trouble and expense to prosecute the action. The landlord has not only given the notice to cease required by the applicable part of *596 N.J.S.A. 2A:18-61.1, but, after the tenant fails to cease, has given the written notice of termination required by the applicable part of N.J.S.A. 2A:18-61.2, and has only then prosecuted the summary dispossess action. See RWB Newton Associates, supra, 224 N.J. Super. at 709, 541 A.2d 280; Lowenstein v. Murray, 229 N.J. Super. 616, 620, 552 A.2d 245 (Law Div. 1988). Somewhere along this time line, the landlord's equities become worthy of recognition along with the tenant's interest in continued occupancy of the rented premises. Whether that recognition results in disallowing a late cure, in conditioning dismissal of a dispossess action on an order for reimbursement of expenses, or in only a regretful shake of the head, is not at issue here.[2]
There are other good-cause grounds for eviction which are not curable. They involve conduct which the landlord need not warn the tenant to cease, and which need not continue after warning. Those grounds are (1) willfully or by reason of gross negligence causing or allowing destruction, damage or injury to the premises, N.J.S.A. 2A:18-61.1c, and (2) committing assaultive or threatening behavior toward the landlord, his family or employees, or (3) using, possessing, manufacturing, dispensing or distributing CDS. N.J.S.A. 2A:18-61.1n, o and p.[3]
The law does not require a warning to cease such behavior because it is so clearly improper and antithetical to the landlord-tenant relationship, and because repetition is not an element of the impropriety of the behavior. For the same reasons, cessation of such behavior does not bar eviction. Serious disorderly conduct is treated the same way, N.J.S.A. 18:61.1a; -61.2a, even though an initial warning is required. It would be absurd to rule that a tenant who knocks the landlord to the ground or threatens his life may not be evicted unless he does it again after receiving a three-day notice under N.J.S.A. 2A:18-61.2a. Similarly, if an angry and *597 drunk tenant purposely sets fire to the apartment house, he should not be able to avoid eviction on the thesis that he did not do it again.
In the present case, the landlord's proofs showed a violation of N.J.S.A. 2A:18-61.1c, in that the tenant drilled holes in the floor to pass electric wires to her landlord's basement outlets. That is plainly causing damage or injury to the premises. Although the achieved purpose, to steal electricity, is not itself a statutory ground for eviction, it weighs heavily against any argument the damage to the premises caused by the tenant was insubstantial or trivial.
We need not deal with the question whether, and in what circumstances, eviction is barred if a tenant satisfactorily and promptly repairs damaged premises.
Since the landlord's action was dismissed at the end of his case on the erroneous thesis that the tenant's leasehold violation was cured, we reverse and remand for a new trial.
NOTES
[1] To the extent that Jijon so holds, we have no problem with it. Any broader reading is barred by the ambiguity of the facts in Jijon.
[2] Lease provisions may provide reimbursement of expenses upon a late cure.
[3] We need not determine whether harboring an offender is a curable or non-curable ground for eviction.