729 A.2d 521

JERSEY CITY MANAGEMENT, PLAINTIFF–RESPONDENT,
v. ADA GARCIA, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued May 19, 199—Decided June 3, 1999

Before Judges CONLEY and LEFELT.

*Gregory G. Diebold* argued the cause for appellant (*Hudson County Legal Services*, attorneys; *Mr. Diebold*, of counsel and on the brief).

*Marybel Mercado* argued the cause for respondent (*Radames Velazquez, Jr.*, attorney; *Ms. Mercado*, of counsel and on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

Defendant is a long term tenant of plaintiff in its federally subsidized low income housing project in Jersey City. Before plaintiff's summary dispossess proceeding against her, defendant had had a cat for eleven years and a dog for two years. During this time period and before she obtained the dog, defendant moved from one of plaintiff's units to another. At the time of the trial on

the dispossess complaint, defendant conceded her lease contained a "no-pet" provision, but contended that her particular circumstances rendered application of that provision to her unreasonable. In this respect, *N.J.S.A.* 2A:18–61.1(d), the provision upon which the landlord sought her removal, provides in part for such removal after written notice to cease and where the tenant continues to violate a landlord's rules and regulations, "provided such rules and regulations are reasonable." *See Young v. Savinon,* 201 *N.J.Super.* 1, 8–9, 492 *A.*2d 385 (App.Div.1985). *Cf. Royal v. Concannon,* 200 *N.J.Super.* 84, 91, 490 *A.*2d 357 (App.Div.1985) ("[w]hat is 'reasonable' within the meaning of *N.J.S.A.* 2A:18–61.1i [reasonable changes in lease terms] should be analyzed with a recognition that personal affinities towards both living quarters and pets should not be required to be sacrificed on the basis of a landlord's whim or caprice.").

Plaintiff's complaint here sought possession on the basis of defendant's cat. The trial judge, however, concluded that application of the "no pet" provision to defendant's cat was not reasonable under the particular circumstances. Nonetheless, he permitted plaintiff to amend its complaint during the trial to include the dog and concluded that application of the "no-pet" provision as to it was not unreasonable.

Defendant received the trial judge's April 3, 1998 decision on April 10 and on that same day removed the dog from her apartment. But she was served with a warrant of removal on April 17, 1998. On April 21, 1998 she filed an order to show cause seeking to vacate the judgment of removal because she had promptly removed the dog once the reasonableness of the "no-pet" provision as applied to her was determined. Although not so designated, the application, in effect, was a motion for relief of judgment pursuant to *R.* 4:50–1. *See generally Housing Authority of Town of Morristown v. Little,* 135 *N.J.* 274, 282–90, 639 *A.*2d 286 (1994); *R.* 6:6–1.

We are convinced the circumstances here warranted relief from the judgment under *R.* 4:50–1(e) or (f). This long term tenant in

plaintiff's low income housing project, *see Housing Authority of Town of Morristown v. Little, supra*, 135 *N.J.* at 291–93, 639 *A.*2d 286, had a good faith basis for believing the retention of her pets was not violative of a reasonable application of the no-pet policy and, thus, for choosing to litigate that defense. Indeed, she was correct as to the cat. *See Village Bridge Apartments v. Mammucari*, 239 *N.J.Super.* 235, 241, 570 *A.*2d 1301 (App.Div.1990) ("[t]he defense of summary dispossess proceedings need not put tenants to the significant risk of lease forfeiture if their good faith defenses do not prevail."); *Jijon v. Custodio*, 251 *N.J.Super.* 370, 598 *A.*2d 251 (Law Div.1991). *Compare Muros v. Morales*, 268 *N.J.Super.* 590, 634 *A.*2d 146 (App.Div.1993) (though recognizing that "[t]here are ... good-cause grounds for eviction which are curable after commencement of the summary dispossess action," *id.* at 595, 634 *A.*2d 146, we concluded that removal for destruction of landlord's property was not a curable good-cause grounds for eviction. *Id.* at 596–97, 634 *A.*2d 146.). We have recently said that, at least where there exists a *bona fide* dispute, tenants have "a legal right ... to contest the reasonableness of the lease terms" such that immediate removal despite a cure may not be warranted. *Hanover Mobile Home Owners Ass'n v. Hanover Village Assocs.*, 316 *N.J.Super.* 256, 270–71, 720 *A.*2d 361 (App.Div.1998). Indeed, plaintiff's own notice to quit and termination of lease stated "YOU ARE HEARBY ADVISED OF YOUR RIGHT TO DEFEND THE ACTION IN COURT." Immediately upon learning of the adjudications of her defense, she removed the pet. Thus, relief from the dispossess judgment was warranted either because the underlying basis for the judgment had been satisfied and it was no longer equitable that it have prospective application, *R.* 4:50–1(e), or because enforcement of the judgment of possession would be unjust, oppressive and inequitable. *R.* 4:50–1(f).

Reversed and remanded for entry of an order vacating the judgment of possession.