**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2402-23

U.S. BANK NATIONAL
ASSOCIATION, not in its
individual capacity but solely
in its capacity as INDENTURE
TRUSTEE of CIM TRUST
2021-NR4,

    Plaintiff-Respondent,

v.

RUSSELL MANLEY,

    Defendant-Appellant,

and

LESLIE MANLEY, ATLANTIC
CREDIT AND FINANCE SPECIAL
FINANCE UNIT III LLC, SUCC IN
INT TO CITIBANK, NA, THE
STONE CENTER OF NJ, LLC,
SAINT CLARE'S HOSPITAL,

    Defendants.

_____

Submitted January 27, 2025 – Decided February 18, 2025

Before Judges Jacobs and Jablonski.

On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-005787-22.

Russell Manley, appellant pro se.

Eckert Seamans Cherin & Mellott, LLC, attorneys for respondent (Nicholas M. Gaunce, of counsel and on the brief).

PER CURIAM

In this residential foreclosure action, defendant Russell Manley appeals the Chancery Division's February 2, 2024 order denying his motion to vacate a judgment of foreclosure. Based on our review of the record, we hold the trial court correctly concluded that service of process of the foreclosure complaint was valid and did not err in denying defendant's motion to vacate the judgment.

We affirm.

I.

We discern these facts from the motion record. In 2010, defendants Russell and Leslie Manley executed a note and mortgage to the original lender to collateralize a loan relating to a residence in Roseland, New Jersey. The mortgage was ultimately assigned to plaintiff. Defendants defaulted on the

2

loan in November 2019. In June 2022, plaintiff filed its foreclosure complaint. On June 21, 2022, at 8:40 p.m., plaintiff served the complaint upon a person who refused to provide a name and was designated in the proof of service as "Jane Doe" at a specified address in Little Falls, New Jersey. Plaintiff's affidavit of service included specific identifying information about that person: "Jane Doe" was described as a "fifty-year old white female with blonde hair standing five-foot, three inches tall and weighing 150 pounds." The address at which service was made matched defendant's driver's license address. Defendants did not answer the complaint.

In December 2023, the trial court granted plaintiff's motion for a final judgment of foreclosure. Defendant moved to vacate that order on January 8, 2024, under Rules 4:50-1(d) and (f). Defendant argued the "Jane Doe" noted on plaintiff's proof of service was not a member of his household. However, he did not provide any additional details to counter the specific identification of the person who did accept service, nor did he set forth any facts that would otherwise suggest the person who accepted the service was not a person who lived at that address. Defendant also argued plaintiff failed to establish its

standing to foreclose because it did not prove that it acquired ownership or control of the note and mortgage.[1]

The trial court rejected defendant's lack of service argument in a concise written statement and denied his motion to vacate the final judgment. On March 20, 2024, the trial court denied defendant's motion for reconsideration.[2] This appeal followed.

## II.

Defendant presents this single issue for our consideration:

> [THE] APPELLATE COURT MUST DECIDE WHETHER THE TRIAL COURT'S DECISION IN DENYING DEFENDANT'S MOTION TO VACATE DEFAULT JUDGMENT PURSUANT TO [RULE] 4:50-1 WAS AN ABUSE OF DISCRETION.

To vacate a judgment under Rule 4:50-1(d), a defendant must demonstrate that the judgment is void. A default judgment is void "when a substantial deviation from service of process rules has occurred, casting

---

[1] Defendant limits his appeal to a single issue regarding the defective service of process and does not argue here, as he did before the trial court, that plaintiff lacked standing. Therefore, we decline to address the standing issue. Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (holding that "[a]n issue not briefed on appeal is deemed waived.")

[2] Defendant also does not raise any error in the trial court's denial of his application for reconsideration. Similarly, we decline to address that issue. Ibid.

reasonable doubt on proper notice." Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 425 (App. Div. 2003). Defendant has "the overall burden [to demonstrate] that its failure to answer or otherwise appear and defend should be excused." Id. at 425-26.

Subsection (f) of Rule 4:50-1, known as the "catchall" category, allows the court to vacate a final judgment for "any other reason justifying relief from the operation of the judgment or order." "No categorization can be made of the situations which would warrant redress under subsection (f). . . . [T]he very essence of [subsection] (f) is its capacity for relief in exceptional situations. And in such exceptional cases[,] its boundaries are as expansive as the need to achieve equity and justice." Ct. Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966); see also DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 269-71 (2009). To obtain relief under subsection (f), defendant must demonstrate the circumstances are exceptional and enforcement of the order or judgment "would be unjust, oppressive, or inequitable." City of E. Orange v. Kynor, 383 N.J. Super. 639, 646 (App. Div. 2006) (quoting Johnson v. Johnson, 320 N.J. Super. 371, 378 (App. Div. 1999)).

We review a trial court's order to deny a motion to vacate final judgment under Rule 4:50-1 for an abuse of discretion. U.S. Bank Nat'l Ass'n v.

A-2402-23

Guillaume, 209 N.J. 449, 467 (2012) ("[t]he trial court's determination under the rule warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion."). To prove the trial court abused its discretion, defendant must demonstrate a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "When examining a trial court's exercise of discretionary authority, we reverse only when the exercise of discretion was 'manifestly unjust' under the circumstances." Newark Morning Ledger Co., v. N.J. Sports & Exposition Auth., 423 N.J. Super. 140, 174 (App. Div. 2011) (quoting Union Cnty. Improvement Auth. v. Artaki, LLC, 392 N.J. Super. 141, 149 (App. Div. 2007)).

"Rule 4:50-1 provides for relief from a judgment [or order] in six enumerated circumstances." D.M.C. v. K.H.G., 471 N.J. Super. 10, 26 (App. Div. 2022) (quoting In re Est. of Schifftner, 385 N.J. Super. 37, 41 (App. Div. 2006)). Overall, "[t]he rule is a carefully crafted vehicle intended to underscore the need for repose while achieving a just result." Ibid. (quoting D.E.G., LLC, v. Township of Fairfield, 198 N.J. 242, 261 (2009)).

Rule 4:50-1 provides:

> On motion, with briefs, and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under [Rule] 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The primary method of obtaining in personam jurisdiction over a defendant in this State is by causing the summons and complaint to be personally served within this State pursuant to [Rule] 4:4-3." U.S. Bank Nat'l Ass'n v. Curcio, 444 N.J. Super. 94, 105 (App. Div. 2016) (quoting R. 4:4-4(a)). Rule 4:4-3(a) requires a summons and complaint to "be served . . . by the sheriff, or by a person specially appointed by the court for that purpose, or by plaintiff's attorney or the attorney's agent, or by any other competent adult not having a direct interest in the litigation." The person serving the complaint

7

and summons must submit proof of service.  R. 4:4-7.  The return of service creates a "presumption that the facts recited therein are true."  Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 426, (App. Div. 2003) (quoting Resol. Tr. Corp. v. Associated Gulf Contractors, Inc., 263 N.J. Super. 332, 343 (App. Div. 1993)).  This presumption may only be rebutted by clear and convincing evidence establishing the return is false.  Ibid.

A foreclosure judgment is typically void if service of process on the property owner was defective.  See M & D Assocs. v. Mandara, 366 N.J. Super. 341, 352-54 (App. Div. 2004).  "If defective service renders the judgment void, a meritorious defense is not required to vacate the judgment under [Rule] 4:50-1(d)."  Jameson, 363 N.J. Super. at 425.  Further, "[w]here due process has been afforded [to] a litigant, technical violations of the rule concerning service of process do not defeat the court's jurisdiction."  Rosa v. Araujo, 260 N.J. Super. 458, 463 (App. Div. 1992) (citing O'Connor v. Altus, 67 N.J. 106, 127-28 (1975)).  "Thus, 'not every defect in the manner in which process is served renders the judgment upon which the action is brought void and unenforceable.'"  Citibank, N.A. v. Russo, 334 N.J. Super. 346, 352 (App. Div. 2000) (quoting Rosa, 260 N.J. Super. at 462).

A-2402-23

Considering these principles, we address the defendant's single argument that the trial court misapplied its discretion when it refused to vacate the final foreclosure judgment. Initially, we observe that aside from a recitation of certain court rules and general citations to caselaw, defendant does not provide any substantive factual analysis to support his claim. However, it appears defendant argues the final judgement should be vacated because the plaintiff did not serve him personally with the summons and complaint. We hold this argument lacks merit.

Personal service may be accomplished by leaving a copy of the summons and complaint at a defendant's "dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein[.]" R. 4:4-4(a)(1). If the household member's name cannot be ascertained, the proof of service must include a description of the person upon whom service was made. R. 4:4-7. Additionally, if service is made by a person other than a sheriff or a court appointee, an affidavit of service must be filed "which shall include the facts of the affiant's diligent inquiry regarding defendant's place of abode[.]" Ibid.

A-2402-23

"[U]ncorroborated testimony of the defendant alone is not sufficient to impeach []" a presumptively valid return of service. Resol. Tr. Corp., 263 N.J. Super. at 344 (quoting Goldfarb v. Roeger, 54 N.J. Super. 85, 90 (App. Div. 1959)). If, however, the defendant introduces evidence "tending to disprove the return, but . . . not sufficient to establish that the return is false, the presumption is nevertheless eliminated from the case." Jameson, 363 N.J. Super. at 426-27.

Under these principles, defendant does not satisfy his burden to vacate the judgment. Plaintiff's affidavit details that service of the summons and complaint was made at the address that matches the one listed on defendant's driver's license. This is prima facie evidence that service was proper. Resol. Tr. Corp., 263 N.J. Super. at 343. Further, defendant's service of process comports with the pertinent Rules because plaintiff's affidavit reveals that service was made upon a household member who refused to provide a name. R. 4:4-4(a)(1) and R. 4:4-7. Specifically, the person who accepted service was reported to be a fifty-year-old white female with blonde hair, approximately 5 foot, 3 inches tall, weighing 150 pounds. Similarly, service was made on a weekday and at a time in the evening when it would be reasonably expected that the residents would be at home.

Since defendant only provides a bald, unsubstantiated assertion to the contrary and provides no additional "clear and convincing" evidence to counter the presumption of service, the trial court correctly exercised its discretion when it denied the motion to vacate the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION